**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUGO RENE MAYEN DUBON,

              Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.    15-71738

Agency No. A096-395-027

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022[**]

Before:    SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

    Hugo Rene Mayen Dubon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Mayen Dubon failed to establish past persecution based upon the threats he received in Guatemala. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted).

Substantial evidence also supports the agency's conclusion that Mayen Dubon failed to establish a clear probability of future persecution by political opponents or children of ex-guerillas. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (to qualify for withholding of removal a petitioner must show that it is more probable than not that he would suffer future persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Mayen Dubon's withholding of removal claim fails.

Mayen Dubon does not make any arguments challenging the agency's denial of CAT protection. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (issues not specifically raised and argued in a party's opening brief are waived).

15-71738

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**